[Civ. No. 17650.   Second Dist., Div. Two.   July 25, 1950.]

MICHAEL L. SALVATI et al., Respondents, v. DOMENICK CUSOLITO et al., Appellants.

Clifton A. Hix for Appellants.

Shepherd & Shepherd for Respondents.

WILSON, J.—The complaint charges fraud on the part of defendants in the exchange of real property. Defendants failed to offer evidence as to the value of the respective properties. Upon undisputed evidence and the admissions in the pleadings the court found that in the exchange plaintiffs received acreage property valued at $9,864 and that they parted with a promissory note in the sum of $10,500, equity in real property valued at $5,900 and cash $700, making a total of $17,100. Judgment was rendered in favor of plaintiffs for $7,236, the difference between the two amounts, from which judgment defendants have appealed.†

The court found that plaintiffs were induced to make the exchange of properties through the fraud of defendants in that during the course of negotiations leading to the execution and consummation of the agreement of exchange defendants represented that: (1) the fair market value of their (defendants') property was approximately $16,500 including eight shares of water stock; (2) the fair market value of the water stock was $4,000; (3) the dwelling house located on the real property was connected with public utilities and had gas available for heating and cooking; (4) the fruit and crops on the property had produced and would produce a return of approximately $2,000 annually; (5) the equity in plaintiffs' property which they were transferring to defendants was fairly equal in market value to the property being received by plaintiffs.

The court found that the foregoing representations were all untrue and that (1) the fair market value of defendants' property, including the water stock, was $9,864; (2) the fair market value of the water stock was $120; (3) the dwelling house on

---

†Defendants' brief does not conform with rule 15 of the Rules on Appeal (22 Cal.2d 12) in that in the statement of facts there is no reference whatsoever to any part of the transcript supporting any alleged statement of fact or quotation of the evidence.

defendants' property was not connected with any public utility and that no gas was available for heating or cooking other than that which could be purchased in tanks and attached to pipes located in the dwelling house; (4) the fruit and crops on the property had not produced and would not produce a value in excess of $100 annually; (5) defendants' property involved in the exchange and conveyed to plaintiffs was not worth the amount of the $10,500 note given by plaintiffs to defendants and while plaintiffs parted with an equity in real property of approximately $5,900 and paid out $700 in cash the equity received by them from defendants amounted to nothing.

Misrepresentations numbered 3 and 4, relating to the public utilities and to the value of fruit and crops that had been produced on the property, were unquestionably material statements of fact which the court found to be untrue and in themselves justified the judgment. It is true, as defendants contend, that misrepresentations relating to the value of property are usually deemed to be "trade talk" and expressions of opinion and do not constitute a ground for an action for fraud, yet when definite statements of the value of property are made with the purpose and intent of deceiving and defrauding another and when made under such circumstances as would indicate the defrauded party relies on the speaker's knowledge and statements, a positive representation of the value of property may be actionable fraud. (*Palm* v. *Smither*, 52 Cal.App.2d 500, 505 [126 P.2d 428].) When a misrepresentation is intentional rather than negligent a plaintiff's failure to discover the falsity of the statement is no defense and the fact that an investigation would have revealed the falsity will not always bar a recovery. (*Anderson* v. *Thacher*, 76 Cal.App.2d 50, 70 [172 P.2d 533].) Expressions of opinion, to avoid an action for deceit or fraud, must be of an opinion honestly entertained. (*Idem*, p. 71.)

It is obvious that defendants did not honestly believe any of the representations made by them were true, and it is equally obvious that their statements were made for the purpose of deceiving and defrauding plaintiffs. Defendants had owned the property for three years prior to the exchange involved in this action and had therefore produced or had the opportunity of producing three crops, the value of which was well known to them. Their acquaintance with the property enabled them to have knowledge of its value. From all the evidence it is manifest that their representations as to the value of the real property and the water stock were made for the

purpose of deceiving plaintiffs and that the latter relied on such representations. Defendants also knew the property was not connected with any public utilities and that gas was available only when transported to the property in tanks.

Defendants had listed the property with one Simoni, a real estate broker, and had informed him, who in turn stated to plaintiffs, that the income was $2,000 annually and that the water stock was worth $4,000. Before the agreement of exchange was signed Mr. Cusolito told Mrs. Salvati that they made an income of about $2,000 from the property. Plaintiffs had been shown a gas stove in the dwelling and Mrs. Cusolito told Mrs. Salvati that the gas bill would be about $2.75 a month.

Plaintiffs had moved to Southern California shortly before the transaction took place. Salvati made one visit to the property with Simoni and one accompanied by his wife, both being of brief duration. He was unfamiliar with such properties and was unable to identify the crops growing on the Cusolito land. He accepted Cusolitos' and Simoni's statements as being true. Under all the circumstances plaintiffs were entitled to rely on the representations made by defendants and their broker and are not precluded from recovery by reason of the brief examination which they made of the property. (*Bagdasarian* v. *Gragnon,* 31 Cal.2d 744, 748 [192 P.2d 935].)

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 21, 1950.