[ Civ. No. 34807. Second Dist., Div. One. Mar. 11, 1970.]

PACESETTER HOMES, INC., Plaintiff, Cross-defendant and Respondent, v.
MICHAEL BRODKIN, Defendant, Cross-complainant and Appellant.

208

## COUNSEL

Kling & Fredland, Frederick J. Kling and Allan L. Fredland for Defendant, Cross-complainant and Appellant.

Anderson & Crikelair and Paul B. Crikelair for Plaintiff, Cross-defendant and Respondent.

## OPINION

**THOMPSON, J.** — Appellant, purchaser of two duplex buildings from respondent, appeals from an adverse judgment rendered on appellant's cross-complaint alleging fraud inducing the sale. We affirm the judgment.

### Nature of the Case

Respondent originally sued appellant in the municipal court for rents collected by appellant after respondent had reacquired the property involved in the lawsuit by foreclosure. Appellant filed an answer and counterclaim and also a cross-complaint claiming general and punitive damages for allegedly fraudulent conduct of respondent inducing him to buy the

property. The cross-complaint alleges: (1) Appellant purchased two duplex buildings from respondent. One building contained two units of two bedrooms each and the other contained a two-bedroom and a three-bedroom unit. (2) Respondent "falsely and fraudulently" represented that the two-bedroom units in the one building would rent for $200 and $185 per month, and that the two units in the other building would rent for $225 and $200 per month. (3) Respondent actually rented comparable units for $135, $145, and $160. (4) Respondent knew the statements were false and made them with intent to deceive appellant. (5) Damage in the sum of $17,211.60.

The matter was transferred to the superior court. The parties agreed upon the issues raised by respondent's original complaint. The issues raised by appellant's cross-complaint were tried by the judge sitting without a jury.

## Facts

The case reaches us on a record consisting of a clerk's transcript and a settled statement on appeal. Viewed as it must be in the light most favorable to the judgment, that record discloses the following.

Respondent is the developer of "Ventura Keys," a large subdivision consisting of single family and multiple residential unit buildings in Ventura, California. Respondent had not developed other properties in the Ventura area and had made no studies and possessed no knowledge of potential rentals that might be obtained from buildings in the development. The salesmen acting for respondent were instructed to inform potential purchasers that the estimated rental obtainable from buildings containing two units of two-bedrooms each was $170 and $200 for the respective units, and that the estimated rental obtainable from a building containing a two-bedroom and a three-bedroom unit was $200 and $225.

Appellant had, in the past, purchased one single family residence for investment. On June 27, 1964, he visited the Ventura Keys development. On June 27, no duplex units had yet been constructed. Appellant was told by Messrs. Freund and Cannon, salesmen for respondent, that the units in the duplexes to be constructed consisting of two units of two-bedrooms each would rent for $170 and $200, and that the units in the duplexes containing a two-bedroom and a three-bedroom apartment would rent for $200 and $225. Appellant was also told: "If you receive the rents as we contemplate, it will be an excellent investment and there shouldn't be any difficulty in renting them." Appellant relied upon the statements with respect to income. He agreed to purchase six duplex buildings. The transaction between appellant and respondent as actually consummated involved

only two buildings, appellant having "allowed four . . . of [the] duplex units to go back."

Escrows were opened for the purchase of the two duplex buildings. The escrows closed on August 17, 1965. Appellant experienced difficulty in renting the properties. Ultimately, appellant ceased to make payments upon a note secured by a deed of trust given as part of the purchase price. Respondent reacquired the two duplex buildings at a foreclosure sale in July 1967. At the time of trial, rental rates for the duplexes had not reached the estimated figures.

The trial court found that "presale statements" were made by respondent's agents to appellant concerning future rental income which might be received after completion of the duplex units but that the statements "were only estimates or opinion as to future anticipated rental income." The court also found that the statements: did not constitute representation of existing facts, did not constitute actionable fraud as opinions rather than as affirmations of fact, were not intentionally false or fraudulent, were not made with intent to deceive, and did not warrant appellant's reliance. Having so found, the trial court gave judgment for respondent. Appellant then perfected the appeal which brings the matter to this court.

### Issues on Appeal

Appellant's brief, while not containing specific statements of the grounds of appeal, apparently asserts that the judgment must be reversed because of the following: (1) the insufficiency of the evidence to support the judgment; (2) the insufficiency of the findings of fact to support the judgment; and (3) the failure of the trial court to enter findings of fact on a material issue.

### Sufficiency of the Evidence

Appellant argues that the evidence presented to the trial court establishes as a matter of law all elements necessary to sustain his cause of action. We conclude that the determination of the trial court to the contrary is supported by the record.

The cause of action upon which appellant relies is framed in fraud. To establish that cause of action, appellant was required to prove that he justifiably relied upon a fraudulent misrepresentation made with intent to deceive by respondent to induce him to enter into the contract for the purchase of the two buildings. (Civ. Code, § 1572.)

*Misrepresentation.* Appellant asserts that the statements made by respondent's agents concerning future rentals were misrepresentations within the definition of subdivision 2 of Civil Code section 1572 and subdivision 2

of Civil Code section 1710. Those sections define the following as a fraudulent misrepresentation and as deceit: "The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;" (Civ. Code, § 1572), and "The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true." (Civ. Code, § 1710.)

The trial court found that the statements made by respondent's agents were neither representations of existing facts nor opinion of the type upon which actionable fraud may be founded. Those findings are supported by the record and the law. The record discloses that while respondent's agents told appellant that the units to be constructed would rent for specified amounts, they also stated to appellant that the buildings would be an excellent investment, "*If* you receive the rents as we *contemplate*, . . ." (Italics added.)    ■    The trial court was justified in construing the fair meaning of the statements made to appellant as those of opinion concerning future estimated rentals and not as an unqualified representation of what those rentals would be. That construction precludes the treatment of those statements as "positive assertions" within the meaning of subdivision 2 of section 1572 or as an "assertion of fact" within the meaning of subdivision 2 of section 1710 of the Civil Code unless exceptional circumstances are present. (*Daniels* v. *Oldenburg,* 100 Cal.App.2d 724, 727 [224 P.2d 472]; *Gleason* v. *McPherson,* 175 Cal. 594, 597 [166 P. 332]; see Rest., Torts, § 525, com. d.)

Exceptional circumstances resulting in expressions of opinion being treated as misrepresentations have been found where the one expressing the opinion does not in fact entertain it (*Bank of America* v. *Hutchinson,* 212 Cal.App.2d 142, 148 [27 Cal.Rptr. 787]; Rest., Torts, § 525, com. b); where the opinion amplifies false representations of fact (*Salvati* v. *Cusolito,* 98 Cal.App.2d 582 [220 P.2d 800]); where the opinion is expressed in a manner implying a factual basis which does not exist (Rest., Torts, § 525, com. f); where the opinion is expressed as a fact (*Gagne* v. *Bertran,* 43 Cal.2d 481, 489 [275 P.2d 15]); and where the expression of opinion is made by a party "possessing superior knowledge" (*Bank of America* v. *Hutchinson, supra,* 212 Cal.App.2d 142, 148 [27 Cal.Rptr. 787]; *Ogier* v. *Pacific Oil & Gas Dev. Corp.,* 132 Cal.App.2d 496, 506 [282 P.2d 574]).

Appellant does not contend here that the statements with respect to future rents expressed an opinion not entertained by respondent. He does not argue that those statements were accompanied by other and false statements. The existence of a false implication of a basis in fact for respondent's opinion is neither raised by the complaint nor argued directly on appeal. Appellant's position is that the statements were made in the form

of fact rather than as opinion and that in any event they were made by a party possessed of superior knowledge.

The trial court's determination that the statements were those of opinion with respect to future rentals is binding upon us. Our Supreme Court has said: "[W]here there is a reasonable doubt as to whether a particular statement is an expression of opinion or the affirmation of a fact, the determination rests with the trier of the facts." (*Willson* v. *Municipal Bond Co.,* 7 Cal.2d 144, 151 [59 P.2d 974].) The record before us discloses a very substantial doubt that the critical statements were more than opinion. The potential of financial success of the buildings was predicated upon the assumption, "If you receive the rents as we contemplate . . . ." Such a qualification preponderates in favor of the opinion characterization adopted by the trial court.

We conclude also that we must reject appellant's argument that respondent occupied such a position of superior knowledge that as a matter of law its expression of opinion was actionable misrepresentation. ■ "Superior knowledge" in the context of fraudulent misrepresentation has become a term of art. It contemplates more than the possession by one party to a bargain of a greater acumen than is possessed by the other party. The concept has been applied primarily in situations where assumed knowledge possessed by the party expressing the fraudulent opinion is a motivation to the other to enter into the transaction, or where the defendant has held himself out as particularly knowledgeable. (See for example *Gagne* v. *Bertran,* 43 Cal.2d 481 [275 P.2d 15], expert employed by party deceived; *Hobart* v. *Hobart Estate Co.,* 26 Cal.2d 412 [159 P.2d 958], majority shareholder and corporate president inducing minority shareholder to sell his stock; *Seeger* v. *Odell,* 18 Cal.2d 409 [115 P.2d 977, 136 A.L.R. 1291], defendant held himself out as particularly expert to induce the transaction; *Union Flower Market, Ltd.* v. *Southern Cal. Flower Market, Inc.,* 10 Cal.2d 671 [76 P.2d 503], representations by officers and directors of a corporation concerning corporate action to be taken after it has consolidated with a company owned by person to whom the representation was made; *Wilke* v. *Coinway, Inc.,* 257 Cal.App.2d 126 [64 Cal.Rptr. 845], defendant represented future of a unique franchise; *Stallman* v. *Schwartz,* 76 Cal.App.2d 406 [173 P.2d 388], statement by one of four incorporators of a closely held corporation to induce the purchase of the interest of one of the other incorporators.)

The record of the case at bench does not impel the conclusion that the expertise or special knowledge of respondent motivated appellant's decision to buy the two buildings. While there is evidence from which that motivation could have been inferred, the trial court was also justified in deter-

mining that in view of the relative position of the parties and the speculative manner in which the opinion of future rentals was expressed no such motivation existed. The trial court's adoption of one of two permissible inferences is binding upon us. ■ Nor are there present in the record other facts of a special nature which establish as a matter of law that the disparity in the knowledge of appellant and respondent was so great as to call into operation the doctrine of superior knowledge. The record discloses only that respondent was engaged in "a large development of single family and multiple residential units" and that appellant had at least some minimal experience in purchasing investment real property. It is conceded that respondent had not developed other properties in the area. The expression of opinion which appellant contends is fraudulent as a matter of law was given with respect to potential rentals from buildings not yet constructed. On the record before us, we would not be justified in overturning the implied finding of the trial court that respondents were not possessed of such superior knowledge as to subject them to liability for expressions of opinion.

*Justifiable reliance.* The trial court found that the statements with respect to future rentals made by respondent did not warrant appellant's reliance. That finding is fatal to appellant's cause of action if supported by the evidence since justifiable reliance is an element of fraud. (Witkin, Summary of Cal. Law (1960) Torts, § 203, and cases there cited.) The critical finding is supported by the evidence. The allegedly false representation charged in appellant's complaint, upon which he claims to have relied, is a statement that the building purchased by him would rent at specified sums per month. The record discloses, however, that the statement with respect to future rentals made by respondent's agents was hedged with significant qualifications. It included a statement of anticipated financial result "if" the rents "we contemplate" were to be collected in the future. The trial court could properly have concluded that appellant in light of the qualification could not justifiably rely upon the statement as a representation of the rent that actually would be received.

Appellant contends that his reliance upon the statement as a representation of the rents he would receive if he purchased the buildings is justified by the asserted position of superior knowledge occupied by respondent. We do not reach the consequences of the "superior knowledge" rule on the requirement of justifiable reliance because of the nature of the statement made by respondent. So long as the statement is construed as no more than a declaration of estimated rents which, if collected, will result in financial success, the trial court could properly infer that reliance upon the statement as an unqualified representation of rents to be received was unwarranted regardless of the relative position of the parties.

*Other Findings.* The trial court also found that the pertinent statements made by respondent's agents were not intentionally false or fraudulent and were not made with intent to deceive. In view of our conclusion that substantial evidence supports the finding of the trial court that the statement here considered was neither an actionable statement of opinion nor a misrepresentation of fact, and the finding that appellant's reliance if any upon the statement was unwarranted, we need not consider the sufficiency of the evidence to support its other findings.

## Sufficiency of Findings of Fact to Support Judgment

Appellant argues that the findings of fact made by the trial court are insufficient to support the judgment because: (1) the findings of fact do not state that there was any basis in fact for the statement made by respondent's agent or that any attempt was made by respondent to ascertain facts underlying the statement; and (2) the findings do not state that the "representations made were not negligently made or made without knowledge as to their truth."

The argument must be rejected. In view of the trial court's finding that respondent had made no actionable misrepresentation of fact or opinion, the findings now asserted by appellant to be indispensable are immaterial. We note also that the first of those allegedly critical findings seeks to introduce a theory not encompassed in the lawsuit as pleaded in the complaint. The complaint is founded upon an allegedly false representation of rents to be collected in the future from buildings not yet constructed. The finding would base liability upon the proposition that respondent's expression of opinion implied a factual basis that did not exist. Appellant, not having asserted that theory in the trial court, cannot inject it into the case on appeal in the guise of an attack upon the findings of fact.

We note also that in view of the findings of the trial court on factual issues which defeat appellant's claim, any error as to other findings is not prejudicial.

## Findings on Material Issues

Appellant contends that the trial court erred in not finding "as to the relative position of the parties." He argues that the trial court should have made a finding of fact upon the issue of "superior knowledge." The record, however, discloses no request by appellant for such a finding in the trial court. The lack of that request requires that we imply a finding

consistent with the judgment. (*Hammond* v. *Mustard,* 257 Cal.App.2d 384 [64 Cal.Rptr. 829].)

The judgment is affirmed.

Wood, P. J., and Gustafson, J., concurred.