[No. E026398. Fourth Dist., Div. Two. Dec. 22, 2000.]

NEU-VISIONS SPORTS, INC., et al., Plaintiffs and Appellants, v.
SOREN/McADAM/BARTELLS et al., Defendants and Respondents.

## COUNSEL

Law Offices of Louis C. Novak and Louis C. Novak for Plaintiffs and Appellants.

Garrett & Tully, Stephen J. Tully and Peter B. Langbord for Defendants and Respondents.

## OPINION

**HOLLENHORST, J.**—Plaintiffs Neu-Visions Sports, Inc., and Edge Skating Center, Inc., sued, among others, Soren/McAdam/Bartells (Soren) and Jeffrey Sykes. Soren is an accounting firm and Mr. Sykes is a principal in the firm. Plaintiffs alleged a single cause of action for negligent misrepresentation against Soren and Mr. Sykes.

Specifically, plaintiffs alleged that Mr. Sykes made two misrepresentations in connection with a proposed project to build an ice and roller hockey arena in the former commissary building of Norton Air Force Base. The alleged misrepresentations were that the former commissary building was worth $5 million (the "value representation") and "that the title to the property was not a problem in securing financing for the project, because Defendant BECK would have obtained clear title to the property prior to the funding of any financing for the project (the 'title representation')."

After taking the depositions of the parties, defendants Soren and Mr. Sykes filed a motion for summary judgment. Their motion relied primarily on the deposition testimony of Robert, Raymond and Brian Neufeld, the principals of plaintiffs, to support their contentions that the alleged misrepresentations were not actionable because (1) they were Mr. Sykes's opinions, which plaintiffs were not entitled to rely on; (2) Soren and Mr. Sykes owed no duty to plaintiffs; and (3) no act or omission to act of Soren or Mr. Sykes caused any damage to plaintiffs.

The trial court agreed and granted the motion for summary judgment. Plaintiffs appeal.

### UNDISPUTED FACTS

In February 1996, defendant Ming Plaza, owned by defendant Chau Ming Beck, entered into negotiations with the Inland Valley Development Agency to purchase property at the former Norton Air Force Base. Ming was interested in developing the former base commissary as an ice and roller hockey rink and began negotiations with plaintiffs in the summer of 1996. It was contemplated that Ming would lease the commissary parcel to plaintiffs, who would then convert the commissary to an ice and roller hockey arena.

Brian Neufeld was responsible for developing the project for plaintiffs. He estimated that it would cost $3 million to make the necessary alterations to convert the commissary. To assist the financing, Ming Plaza agreed to offer the commissary parcel as security for construction financing.

In the latter part of October 1996, plaintiffs signed a lease for the commissary parcel with Ming Plaza. At that time, plaintiffs had received a proposal for financing, but had not obtained financing. Plaintiffs also testified that they had received five proposals for financing of the project from lenders, the last of which was for $3.5 million. Ultimately, financing was not accepted and plaintiffs sent a notice of lease rescission which also demanded repayment of $590,135, the amount which plaintiffs had allegedly spent on the project. This action followed.

## STANDARD OF REVIEW

"Summary judgment is granted when there are no triable issues as to any material facts and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) ▇ When reviewing a trial court's decision to grant summary judgment, we must identify the issues framed by the pleadings, and determine whether the moving party has established facts which negate the opposing party's facts and justify a judgment in the moving party's favor. When the moving party's facts prima facie justify a judgment, we determine whether the opposing party has demonstrated the existence of a triable issue of material fact. [Citation.]" (*City of Morgan Hill v. Brown* (1999) 71 Cal.App.4th 1114, 1121 [84 Cal.Rptr.2d 361].) Our review is a de novo review. (*Milazo v. Gulf Ins. Co.* (1990) 224 Cal.App.3d 1528, 1534 [274 Cal.Rptr. 632].)

## ISSUES

As noted above, plaintiffs' complaint alleged that defendants Soren and Mr. Sykes made two negligent misrepresentations, i.e., the value representation and the title representation. The motion for summary judgment was based on the theory that these representations were matters of opinion which are not actionable as a matter of law. The moving defendants also contended that plaintiffs did not justifiably rely on the representations, and that they did not owe any duty to plaintiffs.

Plaintiffs responded, and argue on appeal, that there are triable issues of fact, and that the trial court erred in failing to consider all of the evidence they submitted. They also argue that the trial court erred in finding that the representations were opinions, and they contend that reliance is a question of fact. They argue that they had no duty to conduct their own factual investigation, or to rely on their own experts. Finally, they argue that the trial court erred in its evidentiary rulings.

## THE OPINION ISSUE[1]

█ The trial court found that the value representation and the title representation were merely expressions of opinion which are not actionable. Plaintiffs disagree. They cite *Mercer v. Elliott* (1962) 208 Cal.App.2d 275, 280 [25 Cal.Rptr. 217], which states: "The line between opinion and fact is not a distinct one; hence if the opinion is rendered under circumstances such that it may be regarded as amounting to a positive affirmation of fact, it will be treated as a representation of fact for purposes of a deceit action. [Citations.]" From this foundation, plaintiffs argue that such circumstances were present here because defendant Soren and Mr. Sykes held themselves out as experts possessing superior expertise. Plaintiffs rely on an accountant case, *Bily v. Arthur Young & Co.* (1992) 3 Cal.4th 370, 408 [11 Cal.Rptr.2d 51, 834 P.2d 745, 48 A.L.R.5th 835]: "Under certain circumstances, expressions of professional opinion are treated as representations of fact. When a statement, although in the form of an opinion, is 'not a casual expression of belief' but 'a deliberate affirmation of the matters stated,' it may be regarded as a positive assertion of fact. [Citation.] Moreover, when a party possesses or holds itself out as possessing superior knowledge or special information or expertise regarding the subject matter and a plaintiff is so situated that it may reasonably rely on such supposed knowledge, information, or expertise, the defendant's representation may be treated as one of material fact. [Citations.]"

Plaintiffs also cite a sentence from *Pacesetter Homes, Inc. v. Brodkin* (1970) 5 Cal.App.3d 206, 212 [85 Cal.Rptr. 39]: "Our Supreme Court has said: '[W]here there is a reasonable doubt as to whether a particular statement is an expression of opinion or the affirmation of a fact, the determination rests with the trier of the facts.' [Citation.]"

As Soren and Mr. Sykes point out, the representation at issue in *Pacesetter Homes* was a representation as to the future rentals that could be obtained from the properties appellant purchased. The trial court found that the developer's statements were only estimates or opinions as to future rental income, and were not actionable representations. However, in that case, the trial court was the trier of fact, and the quoted sentence referred to its determination that the representation was an opinion. The appellate court rejected the contention that the developer possessed such superior knowledge that its representation was actionable as a matter of law. (*Pacesetter*

---

[1]Preliminarily, plaintiffs argue that the trial court erred by failing to consider the declaration of Brian Neufeld and the deposition testimony of James C. Ely, Brian Neufeld, Robert Neufeld and Jeffrey Sykes. Although defendants filed objections to this material, the record does not indicate that the trial court sustained the objections, or that it failed to consider that material. We therefore agree with plaintiffs that the cited declaration and deposition testimony should be considered in determining whether a factual dispute exists.

*Homes, Inc. v. Brodkin, supra,* 5 Cal.App.3d 206, 212.) Instead, the trial court's factual determination was upheld because there was evidence that the transaction was not motivated by any such expertise or special knowledge. (*Ibid.*) The appellate court also refused to overturn the trial court's factual determinations on the grounds that there was not a great factual disparity in knowledge between the parties.

█ The law is quite clear that expressions of opinion are not generally treated as representations of fact, and thus are not grounds for a misrepresentation cause of action. (BAJI No. 12.32; see generally 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 678, pp. 779-780.) Representations of value are opinions. (Rest.2d Torts, § 538A.)

It is also clear, as emphasized by plaintiffs, that exceptions exist when one party states an opinion as a fact, or "when one party possesses [or holds [himself] [herself] out as possessing] superior knowledge or special information regarding the subject of a representation, and the other party is so situated that [he] [she] may reasonably rely upon such supposed superior knowledge or special information, a representation made by the party possessing [or holding [himself] [herself] out as possessing] such knowledge or information will be treated as a representation of fact although if made by any other person it might be regarded as an expression of opinion." (BAJI No. 12.32; 1 Miller & Starr, Cal. Real Estate (3d ed. 2000) § 1.134, pp. 439-440.)

█ The issue thus presented is whether the trial court can apply the general rule in determining a summary judgment motion, or whether reliance on the exception precludes the granting of summary judgment. When this situation arises, it is appropriate to review the evidence to determine if, as a matter of law, summary judgment is appropriate, or conversely if there are disputed factual issues that must be resolved by trial. (*Soderberg v. McKinney* (1996) 44 Cal.App.4th 1760, 1770-1772 [52 Cal.Rptr.2d 635].)

Soren and Mr. Sykes rely primarily on the depositions of plaintiffs' principals: Robert, Raymond and Brian Neufeld. They argue that such testimony is so highly valued that contrary statements in declarations may be disregarded in appropriate cases. For example, they cite *Leasman v. Beech Aircraft Corp.* (1975) 48 Cal.App.3d 376 [121 Cal.Rptr. 768], in which the plaintiff testified in her deposition that she was not injured in an airplane accident, and then submitted a declaration in response to a summary judgment motion which stated that she sustained injuries to her nervous system as a result of the accident. The appellate court upheld the granting of summary judgment, noting that although the declaration would normally

create a factual issue, it was appropriate to disregard it because of the contrary deposition testimony. The court said: "In sum, although liberally construed plaintiff's counterdeclaration standing alone suffices to present evidentiary facts showing that a genuine issue of fact exists, due regard for the issues of credibility in this case in the light of plaintiff's admissions obtained through the discovery procedures requires that we declare that as a matter of law the evidentiary facts stated in the counterdeclaration are irrelevant and evasive. Accordingly, defendants have met the burden of showing that plaintiff's action has no merit and that this is a proper case for the granting of a summary judgment." (*Id.* at pp. 383-384.) Defendants cite a number of other cases with similar holdings, including our Supreme Court's decision in *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 20-22 [112 Cal.Rptr. 786, 520 P.2d 10].

We agree with the contention, and thus look to the testimony elicited in the depositions. The submitted portions of the depositions establish the following facts: (1) Plaintiffs assumed that Beck owned the commissary building on August 14, 1996, or was about to obtain ownership of the building; (2) title to the property would be cleared in the future to allow the construction lender to have a first priority security interest in the property when the loan was ready to fund; (3) Raymond Neufeld understood the title representation to be a statement of fact as to a future event; (4) Mr. Sykes never represented that he was an appraiser or a title company employee; (5) Mr. Sykes's value statement was his opinion at that time;[2] (6) Mr. Sykes was acting as a consultant for Ming Plaza and Bruce Beck, and was not retained by plaintiffs; (7) the opinion of Mr. Sykes was based on an earlier appraisal; (8) the value and title representations were made on behalf of Ming; and (9) Raymond Neufeld was aware of the risk that the financing agency would obtain an appraisal that was lower than $5 million.

Accepting plaintiffs' testimony that they would not have signed the lease if the representations had not been made, we nevertheless agree with Soren, Mr. Sykes and the trial court that the representations were not actionable because they were opinions as to future events. "It is hornbook law that an actionable misrepresentation must be made about past or existing facts;

---

[2]The exact testimony of Robert Neufeld is as follows: "[Question]: All right. And isn't it correct that Mr. Sykes' representation as to the value of the property was merely his opinion at that time? [¶] [Answer]: What do you mean by 'merely his opinion'? [¶] [Question]: It was just an opinion of the value of the property. [¶] [Answer]: It's an opinion he represented on numerous occasions to numerous different people subsequent to our discussions." Raymond Neufeld testified: "[Question]: Is Neu-Visions and Edge alleging that Sykes and Beck made a prediction that in the future financing was possible because, in their opinion, the parcel was worth between—in the time between July and September of 1996 $5 million? [¶] [Answer]: That's correct."

statements regarding future events are merely deemed opinions. [Citations.]" (*San Francisco Design Center Associates v. Portman Companies* (1995) 41 Cal.App.4th 29, 43-44 [50 Cal.Rptr.2d 716]; see generally 5 Witkin, Summary of Cal. Law, *supra,* Torts, § 678, pp. 779-780.)

Value is quintessentially a matter of opinion, not a statement of fact. It appears that Mr. Sykes was merely predicting that an appraiser would value the property at $5 million, and that such an appraisal would be needed in order for a lender to make a $3 million loan to convert the property to its new intended use. Mr. Sykes was not a professional appraiser, and plaintiffs knew that he was not a professional appraiser.[3] Thus the value representation was merely the expression of an opinion as to a future fact. (*Padgett v. Phariss* (1997) 54 Cal.App.4th 1270, 1284 [63 Cal.Rptr.2d 373] [summary judgment proper when a representation was made as to the fair market value of property].)

The title representation was also the expression of an opinion as to a future fact, i.e., the fact that the lessor would own the property at the time of the financing, and that the lender would be able to have a first security position to secure the loan. It would obviously be easier to obtain financing if the otherwise unencumbered property could be offered as security for the financing. Thus, the title representation was merely an opinion that a lender would require a clear title in the lessor without other financing on the parcel. Plaintiffs knew that the former air base property was being redeveloped, and that the other defendants were in the process of acquiring title to a 30-acre portion of the property for their projects, including the ice rink. Plaintiffs also knew that there were risks to the transaction because the entire property would revert to the seller if the other defendants failed to build a hotel on the property within a certain time. Soren and Mr. Sykes did not profess superior knowledge of the title of the property. They merely represented that defendant Beck would have clear title before the funding of project financing. Their title representation was thus a prediction of a future event, and it was not actionable.

Plaintiffs' contention is that there is at least a factual issue as to whether the representations were factual because they reasonably relied on the supposed superior knowledge of Mr. Sykes. While we agree that there was testimony that Mr. Sykes was represented to have substantial experience in

---

[3]"An appraiser is a professional assumed to have superior knowledge on the subject of property valuation and thus may be liable for an erroneous opinion of value when the appraisal is intentionally in error to induce a buyer or lender to enter into a transaction, or because of a negligent evaluation of property that is below the industry standard of care." (1 Miller & Starr, Cal. Real Estate, *supra,* § 1:134, p. 440, fn. omitted.)

securing financing for projects, there was no testimony that he had any experience in the financing of ice or roller hockey rinks. On the other hand, there was testimony that Brian Neufeld had graduate business degrees and work experience as a corporate financial analyst, and testimony that plaintiffs had previously proposed a similar ice rink project in Upland. Thus, inequality of knowledge was not shown. (*Pacesetter Homes, Inc. v. Brodkin, supra,* 5 Cal.App.3d 206, 212-213.)

Plaintiffs entered into the lease agreement after receiving a commitment letter from a bank for a loan that was acceptable to them. They understood that the loan was subject to an appraisal of the property, and they understood the risk that the property might appraise for less than $5 million. They also understood that a lender would require a first lien on the property as security for the loan, and they understood that there was a risk that the lessor might not retain title to the property. Knowing these risks, they signed the lease and proceeded with the project.

In short, we find no credibility issues to be resolved at trial. Accepting plaintiffs' deposition testimony, and their version of the facts, we nevertheless find the representations were not actionable. Accordingly, the trial court did not err in granting the summary judgment motion.

### DISPOSITION

The judgment is affirmed.

Ramirez, P. J., and Richli, J., concurred.