**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONNA LOUIS, | No. 09-56840 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00242-VBF-CW |
| v. | |
| NAILTIQUES COSMETIC CORPORATION and DIANE HAMMOND, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted March 7, 2011
Pasadena, California

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Donna Louis appeals from the District Court's grant of summary judgment

in favor of Nailtiques Cosmetic Corporation and Diane Hammond ("Defendants").

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review a district court's grant of summary judgment de novo. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Construing all of the facts in Louis's favor, we conclude that Louis failed to raise a genuine issue of material fact as to any of her claims. *See Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998).

With respect to her breach of contract claim, under California law, the presumption is that employment is at-will, Cal. Lab. Code § 2922; *Foley v. Interactive Data Corp.*, 254 Cal. Rptr. 211, 223 (1988), and the burden is on the employee to prove otherwise. *Eisenberg v. Alameda Newspapers, Inc.*, 88 Cal. Rptr. 2d 802, 824 (Ct. App. 1999). Here, there is no evidence that the parties reached an oral or implied agreement to a three-year employment contract allowing termination only "for cause." In fact, the evidence demonstrates that the parties did not enter into a written contract because they disagreed about certain material terms in the proposed contract, including a clause permitting termination of Louis without cause. All of the factors set out in *Foley*, 254 Cal. Rptr. at 225, weigh against finding an implied contract. "Where the undisputed facts negate the existence of the breach of the contract claimed, summary judgment is proper." *Guz v. Bechtel Nat. Inc.*, 100 Cal. Rptr. 2d 352, 366 (2000) (citations omitted).

Because "a claim for breach of an implied good faith covenant depends upon the existence of a valid contract," *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1078 (9th Cir. 1999) (citing *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 272 Cal. Rptr. 387, 397 (Ct. App. 1990)), judgment was properly granted on this claim.

Louis's common count and quantum meruit claims are preempted by California's Uniform Trade Secrets Act, Cal. Civ. Code § 3426.7.  *See K.C. Multimedia, Inc. v. Bank of Am. Tech. & Ops., Inc.*, 90 Cal. Rptr. 3d 247, 258 (Ct. App. 2009).  To the extent that Louis now argues that her salary did not adequately reflect the value of the work that she performed, "there is no equitable basis for an implied-in-law promise to pay reasonable value when the parties have an actual agreement covering compensation." *Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 49 Cal. Rptr. 2d 191, 197 (Ct. App. 1996).  Thus, because Louis agreed to work for a straight $170,000 annual salary, there is no basis for implying a different compensation amount.

Louis failed to present evidence that the Defendants' conduct constituted actionable fraud.  That Defendants did not promise to employ Louis for a three-year term is reflected in Louis's own emails, and Hammond's allegedly fraudulent promises about Louis's future success were merely expressions of opinion, not representations as to facts.  "Promises too vague to be enforced will not support a

3

fraud claim any more than they will one in contract." *Rochlis v. Walt Disney Co.*,
23 Cal. Rptr. 2d 793, 801 (Ct. App. 1993). Nor did Louis present any evidence
that Hammond's purported statement that Nailtiques would be worth $100 million
in three years was made as a "positive affirmation of fact." *Hobart v. Hobart
Estate Co.*, 26 Cal. 2d 412, 431 (1945). A statement about future value is
ordinarily classified as "a speculative observation and a mere statement of opinion,
and as such, does not constitute a basis for a complaint of fraud." *Everts v.
Matteson*, 21 Cal. 2d 437, 451 (1942). Similarly, Hammond's alleged statement
that she "did not believe [her daughter] would return to work at Nailtiques after
childbirth, or that, if she did, it would be anywhere near [her] former capacity,"
was a non-actionable statement of opinion. *See, e.g.*, *Neu-Visions Sports, Inc. v.
Soren*, 103 Cal. Rptr. 2d 159, 162 (Ct. App. 2000) ("The law is quite clear that
expressions of opinion are not generally treated as representations of fact, and thus
are not grounds for a misrepresentation cause of action."); *Carlson v. Brickman*,
110 Cal. App. 2d 237, 247 (Ct. App. 1952) ("[T]he general rule is that an
expression of opinion or belief, if nothing more, and if so understood and intended,
is not a representation of fact, and although false, does not amount to actual fraud.
Ordinarily a person has no right to rely upon such statements, and if he does so
rely, he cannot treat them as fraudulent . . . .").

4

Even if we were to construe Hammond's opinions as factual assertions because of Hammond's superior knowledge of the inner-workings of Nailtiques, *see Pacesetter Homes, Inc. v. Brodkin*, 85 Cal. Rptr. 39, 42 (Ct. App. 1970) ("Exceptional circumstances resulting in expressions of opinion being treated as misrepresentations have been found where . . . the expression of opinion is made by a party 'possessing superior knowledge.'") (citations omitted), Louis's claim would fail because she did not adduce any evidence of actual reliance. *See Mirkin v. Wasserman*, 23 Cal. Rptr. 2d 101, 103 (1993) ("It is settled that a plaintiff to state a cause of action for deceit based on a misrepresentation, must plead that he or she actually relied on the misrepresentation."). Nor did she present any evidence of fraudulent intent on Hammond's part. *See Tenzer v. Superscope, Inc.*, 216 Cal. Rptr. 130, 137 (Cal. 1985) (en banc) ("[S]omething more than nonperformance is required to prove the defendant's intent not to perform his promise . . . [I]f plaintiff adduces no further evidence of fraudulent intent than proof of nonperformance of an oral promise, he will never reach a jury.") (citations omitted). And contrary to Louis's argument on appeal, her counsel did not make an oral motion to amend the fraud pleadings during the summary judgment hearing, so the district court did not abuse its discretion in not granting leave to amend. *See Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir.

5

1991), abrogated on other grounds by *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001).

Louis's claim that she was wrongfully terminated in violation of public policy in retaliation for her threats to report the Defendants' alleged fraudulent conduct fails because there is no evidence that Louis threatened to report fraud. In addition, under California law employer fraud cannot serve as the basis of a wrongful termination claim because it does not implicate a substantial public policy. *Hunter v. Up-Right, Inc.*, 26 Cal. Rptr. 2d 8, 15 (1993) ("At root, fraud and deceit affect only the individual interests of the employer and employee. A claim of fraud or deceit is essentially a private dispute seeking a monetary remedy, not an action to vindicate a broader public interest.").

Louis has not raised an issue of genuine material fact that the Defendants engaged in the type of "outrageous conduct" that would support an intentional infliction of emotional distress claim. *See Cole v. Fair Oaks Fire Prot. Dist.*, 233 Cal. Rptr. 308, 312 n.7 (1987). Nor has she raised an issue of genuine material fact with respect to the Defendants' alleged violation of California Business and Professions Code § 17200. Section 17200, which prohibits unfair or unlawful business practices, is not to be used as "an all-purpose substitute for a tort or

contract action." *Cortez v. Purolator Air Filtration Prod. Co.*, 96 Cal. Rptr. 2d 518, 525 (2000).

Louis's remaining arguments, that the district court erred (1) in providing her with only 21 days notice of the motion for summary judgment, and (2) in not ruling on Louis's Ex Parte Application for further information on Nailtiques' finances, lack merit. The local rules allow the district court to shorten the notice period for motions, and the exclusion of further evidence of Nailtiques' finances was not prejudicial to Louis's claims.

**AFFIRMED.**