Filed 8/6/14  Bautista v. CitiMortgage CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ROSA BAUTISTA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITIMORTGAGE, INC.,<br><br>    Defendant and Respondent. | 2d Civil No. B253235<br>(Super. Ct. No. 56-2013-00430920-<br>CU-OR-VTA)<br>(Ventura County) |

Rosa Bautista borrowed money to purchase a home.  When she stopped making the monthly payments, the lender, CitiMortgage, Inc. (CitiMortgage), initiated nonjudicial foreclosure proceedings.  After the foreclosure sale, Bautista sued CitiMortgage for violation of the unfair competition law (UCL) (Bus. & Prof. Code, § 17200 et seq.)[1] and negligent misrepresentation.  She claims she was told the sale would not occur while her application for a loan modification was pending.

The trial court sustained CitiMortgage's demurrer to the second amended complaint without leave to amend.  It determined the pleading fails to state sufficient facts to constitute a cause of action for negligent misrepresentation or UCL violation.  We affirm.

---

[1]All statutory references are to the Business and Professions Code unless otherwise stated.

FACTS AND PROCEDURAL BACKGROUND

In 2002, CitiMortgage's predecessor loaned Bautista $284,000 to purchase a residence located at 1384 Egret Avenue in Ventura. The debt was secured by a deed of trust on the property. Bautista was unable to make the loan payments, and a notice of default in the amount of $12,793.13 was recorded in November 2010. At Bautista's request, CitiMortgage agreed to provide her with a forbearance agreement if she paid $6,000. When CitiMortgage refused any further forbearance requests, Bautista filed an action against it. Bautista voluntarily dismissed the action in September 2012 and decided to pursue a loan modification instead.

On December 18, 2012, CitiMortgage sent Bautista a letter stating she had until January 17, 2013, to provide certain additional documents supporting her loan modification request. Two days later, CitiMortgage acknowledged receipt of the requested documents. Bautista alleges a CitiMortgage representative assured her that "[w]hile you are in review for a hardship treatment plan you will not be foreclosed." The foreclosure sale occurred on December 28, 2012. The trustee sold the property to a third party for $282,800. The total amount of the unpaid debt was $295,197.

Bautista sued CitiMortgage and another defendant for wrongful foreclosure, negligent misrepresentation, breach of the covenant of good faith and fair dealing and violation of the UCL.[2] CitiMortgage demurred to the complaint. Bautista responded by filing a first amended complaint alleging the same causes of action. Once again, CitiMortgage demurred.

The trial court sustained the demurrer without leave to amend as to the claims for wrongful foreclosure and breach of the covenant of good faith and fair dealing and with leave to amend as to the two remaining claims. It determined Bautista "has not

---

[2] The clerk's transcript does not include the original complaint filed by Bautista or the trial court's minute order, dated June 6, 2013, sustaining CitiMortgage's demurrer to the first amended complaint. We grant CitiMortgage's unopposed motion to augment the record to include those documents. The transcript also does not include the trial court's ruling on the demurrer at issue here. On our own motion, we take judicial notice of the ruling on submitted matter (demurrer to second amended complaint), dated August 30, 2013, contained in the superior court's file. (Evid. Code, §§ 452, subd. (d), 459.)

2

[pled] representations by Defendant that it would not foreclose while she was in modification negotiations, let alone [pled] such representations with the particularity required for [negligent misrepresentation] and with the role of the speaker required since Defendant is a corporation."  As to the UCL claim, the court observed that Bautista "must not only plead an unfair business practice but also must be able to plead loss of property or money to Defendant, not just as a result of Defendant's actions."

Bautista's second amended complaint alleges causes of action for UCL violation and negligent misrepresentation, claiming CitiMortgage has benefited "by collecting unconscionable mortgage payments, fees and interest," and by "taking all of the equity in the property."  CitiMortgage demurred again, arguing Bautista failed to correct the flaws in her earlier complaints.  The trial court sustained the demurrer without leave to amend.  It explained:  "The Court's [earlier] Minute Order was clear as to the pleading standard [Bautista] had to meet to cure the defects in the [two] causes of action the Court would allow her to amend.  Although [she] has now made [three] attempts at properly pleading her claims, she has been unable to do so.  She has pled conclusions, not the required facts."  Bautista appeals the judgment of dismissal.

DISCUSSION

Bautista does not seek to set aside the foreclosure sale.  She claims restitution and damages based upon CitiMortgage's alleged UCL violation and negligent misrepresentation.  She contends the trial court erred by sustaining CitiMortgage's third demurrer to these claims without leave to amend.  We disagree.

*Standard of Review*

"We independently review the ruling on a demurrer and determine de novo whether the pleading alleges facts sufficient to state a cause of action.  [Citation.]  We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken.  [Citation.]  We construe the pleading in a reasonable manner and read the allegations in context.  [Citation.]  'We affirm the judgment if it is correct on any ground stated in the demurrer, regardless of the trial court's stated reasons.  [Citation.]'

3

[Citation.]" (*Entezampour v. North Orange County Community College Dist.* (2010) 190 Cal.App.4th 832, 837.) When a demurrer is to an amended complaint, we may properly consider factual allegations in the plaintiff's prior complaints. (*People ex rel. Gallegos v. Pacific Lumber Co.* (2008) 158 Cal.App.4th 950, 957 [noting that "'"[a] plaintiff may not . . . avoid [factual allegations] by contradictory averments[ ] in a superseding, amended pleading" . . .'"].)

*Negligent Misrepresentation*[3]

To state a claim for negligent misrepresentation, a plaintiff must allege "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." (*Fox v. Pollack* (1986) 181 Cal.App.3d 954, 962.) The claim must be pled with specificity. (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645 (*Lazar*).) General and conclusory allegations are not enough. (*Ibid.*) Where, as here, the defendant is a corporate employer, the complaint must "'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" (*Ibid.*)

The second amended complaint identifies two "misrepresentations" made by CitiMortgage employee Erick Roker. The first one is the statement in the December 8, 2012, letter that Bautista had "until January 17, 2013 to submit required documents to obtain a loan modification." But nothing in the letter states the foreclosure will be stayed until that date. It merely provides the deadline for providing certain missing or incomplete documents.

The second alleged misrepresentation is Roker's purported statement that "[w]hile you are in review for a hardship treatment plan you will not be foreclosed." This

---

[3] Because Bautista's first cause of action for UCL violation is partially derivative of her second cause of action for negligent misrepresentation, we discuss the latter claim first.

4

representation does not appear in the letter or e-mails attached to the complaint. Nor does Bautista allege the date the representation was made, where or to whom it was made, or by what means or by what authority Roker made the representation. Without that information, the allegation lacks the required specificity. (*Lazar, supra,* 12 Cal.4th at p. 645.)

Further, a representation generally is not actionable unless it is about "past or existing facts." (*Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells* (2000) 86 Cal.App.4th 303, 309-310.) Although a false promise to perform in the future can support an intentional misrepresentation claim, it does not support a claim for negligent misrepresentation. (*Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 158-159.) An offer of help or even a pledge to hold foreclosure proceedings in abeyance does not concern past or existing facts, and thus cannot be the basis for a negligent misrepresentation cause of action. (See *ibid.*)

The gist of Bautista's negligent misrepresentation claim is that, nearly two years after her default, she applied for a loan modification and assumed the foreclosure would be stayed pending that application. She does not allege CitiMortgage offered her a forbearance to foreclose while it considered her application. Indeed, in an earlier pleading, Bautista alleged CitiMortgage offered a forbearance agreement in 2011, but then refused any further requests. The second amended complaint points to no meaningful injury to Bautista, especially given that it acknowledges her continuing default despite her legal obligation to make monthly payments. She alleges CitiMortgage took "all of [her] equity in the property," but the trustee's deed upon sale reveals it was sold to a third party for less than the amount of the debt. The trial court appropriately sustained the demurrer to this cause of action. (See, e.g., *Lindberg v. Wells Fargo Bank N.A.* (N.D.Cal. 2013) 2013 WL 3457078, *1, 5 [dismissing negligent misrepresentation claim where plaintiff allegedly was told "not to be concerned about foreclosure" during loan modification process]; *Stebley v. Litton Loan Servicing,* LLP (2011) 202 Cal.App.4th 522, 525 [dismissing claims alleging loan servicer "purported to consider

alternatives to foreclosure, but abruptly foreclosed before informing plaintiffs . . . of [its] decision"].)

*UCL Violation*

The UCL "does not proscribe specific activities, but in relevant part broadly prohibits 'any unlawful, unfair or fraudulent business act or practice.' [Citation.]" (*Aleksick v. 7-Eleven, Inc.* (2012) 205 Cal.App.4th 1176, 1184.) It identifies three varieties of unfair competition -- acts or practices which are unlawful, or unfair, or fraudulent. (*Ibid.*) "'"By proscribing 'any unlawful' business practice, 'section 17200 "borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable."' [Citation.] 'Virtually any law -- federal, state or local -- can serve as a predicate for a [UCL] action.' [Citation.] When a statutory claim fails, a derivative UCL claim also fails." (*Id.* at p. 1185.)

The second amended complaint alleges four unlawful, unfair or fraudulent business practices, i.e., that CitiMortgage (1) unlawfully foreclosed "despite promising not [to] do so while [Bautista's] loan modification application was in review," (2) fraudulently represented that Bautista had until January 17, 2013, to submit additional documents supporting the loan modification request, (3) unlawfully engaged in "dual tracking" of the foreclosure and loan modification process, and (4) fraudulently robo-signed loan documents. The first two allegations are based on, and therefore derivative of, Bautista's negligent representation claim. Having rejected that claim, we reject the derivative one as well. (*Aleksick v. 7-Eleven, Inc., supra,* 205 Cal.App.4th at p. 1185.)

Bautista's brief does not address the other two allegations, perhaps because they can be summarily dismissed. "Dual tracking" occurs when a mortgage servicer records a notice of trustee's sale on a residence while a loan modification application is pending. (See *Graham v. Bank of America, N.A.* (2014) 226 Cal.App.4th 594, 603.) The statute prohibiting this practice went into effect on January 1, 2013. (See Civ. Code, § 2923.6.) Bautista's claim is based on events that occurred in 2012 when, as the trial court noted, "a lender could discuss modification with the borrower while keeping the

6

house on the foreclosure track at the same time." A lender is not "liable for unlawful business practices where there is no violation of another law." (*Graham*, at p. 610.)

As to Bautista's robo-signing allegation, courts have held that a plaintiff cannot state a UCL claim on the basis of a conclusory allegation of robo-signing, absent some factual support. (See, e.g., *Cerecedes v. U.S. Bankcorp* (C.D.Cal. 2011) 2011 WL 2711071, *5; *Sohal v. Federal Home Loan Mortg. Corp.* (N.D.Cal. 2011) 2011 WL 3842195, *5.) Here, there is no factual support. Bautista simply alleges CitiMortgage engaged in some type of fraudulent robo-signing and recording of documents. She does not identify those documents, state when they were recorded or specify how they caused her damage.

Even if Bautista did allege an actionable UCL violation, she has not established standing to pursue that claim. To demonstrate standing, a private plaintiff must allege a financial or property loss as a result of the unlawful acts. (§ 17204.) In other words, the plaintiff must show a "causal connection" between the economic injury and the defendant's allegedly unfair or unlawful conduct. (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 522 (*Jenkins*).) "A plaintiff fails to satisfy [this requirement] if he or she would have suffered 'the same harm whether or not a defendant complied with the law.' [Citation.]" (*Ibid.*)

In *Jenkins*, the plaintiff alleged the defendants' fraudulent recordation of documents subjected her home to foreclosure. The Court of Appeal determined the plaintiff could not plead a causal link between her economic injury (the impending nonjudicial foreclosure) and the allegedly unfair or unlawful acts. (*Jenkins, supra,* 216 Cal.App.4th at pp. 522-524.) The plaintiff admitted she had defaulted on her loan. The court found it was her default, and not the alleged wrongdoing, that triggered the lawful enforcement of the power of sale clause in the deed of trust. (*Id.* at p. 523; *DeLeon v. Wells Fargo Bank, N.A.* (N.D.Cal. 2011) 2011 WL 311376, *7 (*DeLeon*) [plaintiffs lost home because of default, not because of bank's alleged misrepresentations regarding loan modification].)

7

Bautista concedes she was in default on the loan and that CitiMortgage had no obligation to modify its terms. Hence, the foreclosure was triggered not by CitiMortgage's actions, but by Bautista's failure to make the required payments. (*DeLeon, supra,* 2011 WL at *7.) Because the alleged loss of her home resulted from Bautista's own conduct, the trial court properly concluded she had failed to state a claim for relief under the UCL.

### Denial of Leave to Amend

Bautista's brief does not address how the second amended complaint could be amended to cure the defects. "Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44.) Moreover, it is the plaintiff's burden to demonstrate what facts could be pled to cure the existing defects. (*McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784, 792.) To meet this burden, the plaintiff must "enumerate the facts and demonstrate how those facts establish a cause of action." (*Ibid.*) Even if Bautista did raise an issue on denial of leave to amend, she has failed to meet this standard.

### DISPOSITION

The judgment is affirmed. CitiMortgage shall recover its costs on appeal.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

8

Rebecca S. Riley, Judge

Superior Court County of Ventura

_____

Nielsen Law Group, Jonathan L. Nielsen for Appellant.

Locke Lord LLP, Nina Huerta, Matthew B. Nazareth for Respondent.