NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL HOWARD,

        Plaintiff-Appellant,

  v.

TANIUM, INC.,

        Defendant-Appellee.

No. 23-15451

D.C. No. 3:21-cv-09703-JSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, District Judge, Presiding

Argued and Submitted April 10, 2024
Submission Withdrawn April 11, 2024
Resubmitted August 28, 2024
San Francisco, California

Before: TASHIMA, GRABER, and SUNG, Circuit Judges.

      Plaintiff Daniel Howard sued Defendant Tanium, Inc., for fraudulent

misrepresentation. Plaintiff alleged that Defendant misrepresented the fair market

value ("FMV") of the restricted stock units ("RSUs") that were included in the

compensation package that Defendant offered to induce him to go to work for

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant. Plaintiff timely appeals the summary judgment entered in Defendant's

favor. Reviewing de novo, Davis v. Guam, 932 F.3d 822, 829 (9th Cir. 2019), we

reverse and remand for further proceedings.

California law governs this diversity action. To establish his claim, Plaintiff

must show:

> (1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff.

Manderville v. PCG & S Grp., Inc., 55 Cal. Rptr. 3d 59, 68 (Ct. App. 2007)

(emphasis omitted).[1]

1. Factual Representation

A statement of value is typically considered an "opinion." See Kahn v.

Lischner, 275 P.2d 539, 543 (Cal. Dist. Ct. App. 1954). But when "the opinion is

rendered under circumstances such that it may be regarded as amounting to a

positive affirmation of fact, it will be treated as a representation of fact for

purposes of a deceit action." Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells,

---

[1] The district court held that Plaintiff established all the elements but one; he failed to establish that Defendant knew its representation was false or that it made the representation recklessly.

2

103 Cal. Rptr. 2d 159, 161 (Ct. App. 2000) (citation and internal quotation marks omitted).

Here, the district court correctly held that the evidence in the record supports a finding that Defendant represented the $5 value of the RSUs as a fact and not an opinion. In the oral offer that James Evans[2] made to Plaintiff, Evans multiplied the amount of RSUs that were offered in Plaintiff's compensation package by $5, noting that Plaintiff would be receiving a "$150,000 current value subject to vesting."

2. Misrepresentation

Under California law, a representation need not be a direct falsehood to constitute fraud:

> It may be a deceptive answer or other indirect but misleading language. . . . Though one may be under no duty to speak as to a matter, if he undertakes to do so, either voluntarily or in response to inquiries, he is bound not only to state truly what he tells, but also not to express or conceal any facts within his knowledge which materially qualify those stated. If he speaks at all he must make a full and fair disclosure . . . .

Brady v. Carman, 3 Cal. Rptr. 612, 615 (Dist. Ct. App. 1960) (citations and internal quotation marks omitted).

---

[2] In 2016, Evans was the Manager for Engineering at Tanium, who also served as the hiring manager for the Technical Writer position for which Plaintiff applied.

It is not clear whether the 409A[3] value, which differed from the previous sales price of $5, is equivalent to the FMV. Viewing all facts and reasonable inferences in Plaintiff's favor, there is a genuine issue of material fact concerning the FMV of the relevant RSUs at the time Defendant offered employment to Plaintiff. That is, the $5 might or might not have been a misrepresentation. Without expert testimony, the record is insufficient to assess whether $5 was the true FMV and whether the 409A valuation is relevant to that inquiry.

3. <u>Knowledge</u>

The district court erred as a matter of law in finding that Defendant lacked knowledge of a misrepresentation. The court ruled that a corporation cannot be found liable for fraud if one managing agent makes a statement that he or she believes is true, but a different managing agent knows that the statement is not true. That ruling is inconsistent with <u>Sanders v. Magill</u>, 70 P.2d 159, 163 (Cal. 1937). Here, although Evans lacked actual knowledge of the 409A valuation, another managing agent, Eric Brown,[4] knew of the 409A valuation before Defendant made its employment offer to Plaintiff.

4. <u>Intent</u>

The district court correctly held that the record supports that Defendant

---

[3] Section 409A of the Internal Revenue Code, 26 U.S.C. § 409A
[4] Tanium's Chief Financial Officer and Chief Operations Officer.

intended Plaintiff to rely on its representation of the RSUs' value when making his decision to leave his former employer. As the district court wrote, "[t]o take the Tanium offer was to forgo the Fortinet job." Defendant was aware that Plaintiff would be leaving his job because he informed Defendant that he wanted to make "[m]ore [money] than [he was] making at Fortinet." Thus, Defendant's intent to induce Plaintiff's reliance is evident from the record. See Lovejoy v. AT&T Corp., 111 Cal. Rptr. 2d 711, 717 (Ct. App. 2001) ("[T]he only intent by a defendant necessary to prove a case of fraud is the intent to induce reliance. Moreover, liability is affixed not only where the plaintiff's reliance is intended by the defendant but also where it is reasonably expected to occur." (emphases omitted)).

5. Reliance

"[T]he plaintiff's actual and justifiable reliance on the defendant's misrepresentation must have caused him to take a detrimental course of action," and "the detrimental action taken by the plaintiff must have caused his alleged damage." Beckwith v. Dahl, 141 Cal. Rptr. 3d 142, 161 (Ct. App. 2012). As to actual reliance, the district court correctly held that there remains a triable dispute as to Plaintiff's actual reliance. In addition, the district court correctly ruled that whether Plaintiff's reliance was justifiable is subject to reasonable dispute.

6. Damages

Finally, Plaintiff must show that he suffered damages as a result of the

misrepresentation.  See id. at 163 ("Misrepresentation, even maliciously committed, does not support a cause of action unless the plaintiff suffered consequential damages." (citation and internal quotation marks omitted)).  The district court correctly held that there is a genuine issue of material fact concerning damages.[5]

**REVERSED and REMANDED.  The parties shall bear their own costs on appeal.**

---

[5] Because, as discussed above, the resolution of elements (5) and (6) of Plaintiff's claim remains, the resolution of element (7) also remains to be decided.