[No. A109823. First Dist., Div. Three. Mar. 28, 2006.]

STEVEN WONG, Plaintiff and Appellant, v.
OHLONE COLLEGE et al., Defendants and Respondents.

1380

COUNSEL

Silver & Katz and Louis D. Silver for Plaintiff and Appellant.

Shupe & Finkelstein and John A. Shupe for Defendants and Respondents.

## OPINION

**PARRILLI, Acting P. J.**—Education Code section 87458[1] sets forth the conditions under which a person previously employed as an administrator shall have the right to become a first-year probationary faculty member at a community college. In this case, we hold an administrator's statutory right under section 87458 is not absolute. A college may deny an administrator's request for appointment when there is no position available to which the former administrator may be appointed. We affirm the order denying Steven Wong's petition for a writ of mandate by which he sought to compel his appointment as a first-year probationary faculty member under section 87458.

### FACTUAL AND PROCEDURAL BACKGROUND

Due to budgetary constraints in January and February of 2003, Ohlone College (the College) determined that for the school year 2003–2004, it would not fill two full-time faculty positions in the Business and Technology Division (Division) that were being vacated by retiring professors as of July 1, 2003. Additionally, the College decided to lay off certain administrative employees, including Steven Wong, who was then Dean of the Division. The College administrators stopped the recruitment process for the soon-to-be-vacated full-time faculty positions.

In March 2003, Wong was told that he would not be reemployed as dean for the 2003–2004 school year. Wong did not challenge this decision, but requested appointment as a first-year probationary faculty member for the next semester under section 87458.[2] The request was denied on various grounds, including that there was no available position to which the College could appoint him.

---

[1] All further unspecified statutory references are to the Education Code.

[2] Section 87458 reads, in pertinent part: "A person employed in an administrative position that is not part of the classified service, who has not previously acquired tenured status as a faculty member in the same district . . . shall have the right to become a first-year probationary faculty member once his or her administrative assignment expires or is terminated if all of the following apply: [¶] (a) The process by which the governing board reaches the determination shall be developed and agreed upon jointly by representatives of the governing board and the academic senate, and approved by the governing board. The agreed upon process shall include reasonable procedures to ensure that the governing board relies primarily upon the advice and judgment of the academic senate to determine that the administrator possesses the minimum qualifications for employment as a faculty member. The process shall further require that the governing board provide the academic senate with an opportunity to present its views to the governing board before the board makes a determination and that the written record of the decision, including the views of the academic senate, shall be available for review pursuant to Section 87358. [¶] (b) Until a joint agreement is reached pursuant to subdivision (a), the district process in existence on January 1, 1989, shall remain in effect. [¶] (c) The administrator has completed at least two years of satisfactory service, including any time previously served as a

Wong sought to compel his appointment as a first-year probationary faculty member by filing a petition for a writ of mandate. The trial court found that Wong's right to appointment was not absolute under section 87458, but required that there be a position available to which the College could appoint him. Because the College established that there were no available positions, the court found Wong was not entitled to the requested relief. Wong now appeals the order denying his petition for a writ of mandate.[3]

## DISCUSSION

"In reviewing a trial court's judgment on a petition for writ of ordinary mandate, we apply the substantial evidence test to the trial court's factual findings. However, we exercise our independent judgment on legal issues. . . ." (*Kreeft v. City of Oakland* (1998) 68 Cal.App.4th 46, 53 [80 Cal.Rptr.2d 137].) Additionally, we conduct "de novo review of questions of statutory construction." (*Western/California, Ltd. v. Dry Creek Joint Elementary School Dist.* (1996) 50 Cal.App.4th 1461, 1479 [58 Cal.Rptr.2d 220].)

In 1988, the Legislature amended the Education Code, directing each community college district to use its allocated revenues "to implement specified reforms and make authorized program and service improvements," including "establishing and applying a process for moving administrators into faculty positions as required by [s]ections 87454 to 87458, inclusive." (§ 84755, subd. (b)(9).) At the same time, the Legislature recognized that any reforms and program and service improvements would require adequate funding. (§ 84750; see Stats. 1988, ch. 973, § 70, pp. 3140–3143.)

As currently enacted, the statutory scheme provides as follows. When a tenured employee is assigned from a faculty position to an educational administrative position, he or she "shall retain his or her status as a tenured faculty member." (§ 87454.) Unlike the language used in section 87454, section 87458 reads, in pertinent part: "A person employed in an

---

faculty member in the district. [¶] (d) The termination of the administrative assignment is for any reason other than dismissal for cause. [¶] (e) This section shall apply to every educational administrator whose first day of paid service in the district as a faculty member or an administrator is on or after July 1, 1990."

[3] Despite the absence of a separate formal judgment, an order denying a petition for a writ of mandate "constitutes a final judgment for purposes of an appeal." (*Public Defenders' Organization v. County of Riverside* (2003) 106 Cal.App.4th 1403, 1409 [132 Cal.Rptr.2d 81].)

administrative position that is not part of the classified service, who has not previously acquired tenured status as a faculty member in the same district, . . . shall have the right to become a first-year probationary faculty member once his or her administrative assignment expires or is terminated," if certain statutory conditions are met. (§ 87458.) Wong asserts that because he has met the conditions for appointment under section 87458, the University was required to appoint him to a first-year faculty position even though no such position was available. We disagree.

■ In support of his argument that section 87458 is absolute in that an appointment must be made if a qualified terminated administrator requests it, Wong relies upon the quoted words that an administrator "shall have the right to become" a first-year probationary faculty member. (§ 87458.) Although the Education Code defines the word "shall" as "mandatory" (§ 75), that definition governs only if "the provisions or the context" within the statute does not otherwise require a different interpretation. (§ 10.) As acknowledged by the Supreme Court in *Morris v. County of Marin* (1977) 18 Cal.3d 901 [136 Cal.Rptr. 251, 559 P.2d 606], "[not] every statute which uses the word 'shall' is obligatory rather than permissive. Although statutory language is, of course, a most important guide in determining legislative intent, there are unquestionably instances in which other factors will indicate that apparent obligatory language was not intended to foreclose a governmental entity's or officer's exercise of discretion. [Citation.]" (*Id.* at pp. 910–911, fn. 6.) That a terminated administrator "shall have the right to become" a first-year probationary faculty member, does not impose a mandatory duty on the college to make an appointment. Wong's argument ignores that part of the statute that conditions the appointment on the governing board making "a determination" by applying a new statutory procedure, or an existing procedure. (§ 87458, subds. (a), (b); see § 84755, subd. (b)(9).) The statutory reference to the governing board's determination strongly suggests that the Legislature did not intend to foreclose the college's exercise of discretion in deciding whether to deny or grant an appointment under section 87458. Had the Legislature intended to make a section 87458 appointment nondiscretionary, the Legislature could have clearly done so by requiring that an administrator "shall become" a first-year probationary faculty member if he or she meets certain statutory conditions. (See, e.g., § 87458.1 ["A person employed in an administrative . . . position requiring certification qualifications upon completing a probationary period . . . shall be classified as and become a regular employee as a classroom instructor"].) ■ "In construing a statute, a court may consider the consequences that would follow

from a particular construction and will not readily imply an unreasonable legislative purpose. . . . [A] practical construction is preferred. [Citation.]" (*California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1147 [43 Cal.Rptr.2d 693, 899 P.2d 79].) If section 87458 were interpreted as Wong argues, it would require a college to either create or keep open a position to which a terminated administrator could "retreat" regardless of the college's need for that faculty position or the availability of funds. We conclude that such an interpretation would not be reasonable, and we decline to so read the statute.

■ Additionally, the record does not support Wong's conclusory argument that the College "took steps to change its staffing decisions" specifically to deny him an appointment. In determining whether to grant or deny a request for appointment under section 87458, the governing board must necessarily take into consideration, among other things, the availability of a funded position to which the terminated administrator can be appointed. It is within a college's discretion to reduce its class offerings and staff to address budgetary constraints. (See § 87743 [permitting staff layoff due to a reduction in attendance or reduction or discontinuance of services offered by the college]; *Krausen v. Solano County Junior College Dist.* (1974) 42 Cal.App.3d 394, 405–406 [116 Cal.Rptr. 833] [decided under predecessor section of § 87743].) In *Krausen,* the college anticipated a reduction in enrollment in an apprentice training program. (42 Cal.App.3d at p. 405.) The Court of Appeal held that it was reasonable for the college to reduce the program's staff of five full-time instructors and one part-time instructor by eliminating one full-time teaching position, instead of reducing the number of hours taught by the six instructors. (*Id.* at pp. 405–406.) Similarly, in this case, the College was informed of a reduction in its anticipated revenues for the school year 2003–2004. It reasonably decided that the most appropriate way to address its anticipated lost revenues included eliminating two full-time faculty positions in Wong's Division.

Similarly unpersuasive is Wong's alternative argument that at a minimum the College should have refrained from filling any full-time faculty positions with adjunct faculty that then rendered a first-year probationary faculty position unavailable. Wong asserts that during the spring semester of 2003, two full-time faculty members retired, and he was instructed to begin the process of filling those positions. According to Wong, "[a]fter [he] expressed his desire to take one of those positions, the College directed him to discontinue his search and to fill the positions only with adjunct faculty."

However, the record does not show that the vacated full-time faculty positions were staffed by adjunct faculty. Both Wong and his supervisor agreed that Wong had been asked to find adjunct faculty to teach classes that had been previously taught by *adjunct* faculty. Wong contended that he had also been asked to form selection committees to find candidates for the two full-time faculty positions vacated by retiring faculty members. But, he conceded that no such selection committees were formed and the two full-time faculty positions were not filled. The College's vice-president of business services, and the executive dean of human resources, both confirmed that the vacant full-time positions were not filled due to budgetary constraints. Wong cites no authority, and we have found none, that would support an argument that the College was required to discharge adjunct professors so that moneys would be available to fund a full-time faculty position for a terminated administrator seeking appointment under section 87458.

■ In sum, because there was no available first-year probationary faculty position to which Wong could be appointed at the time he was terminated, the College was not required to grant his request under section 87458. And, the trial court properly denied Wong's petition for a writ of mandate. In light of our determination, we need not address the other issues raised by the parties.

### DISPOSITION

The order denying the petition for a writ of mandate is affirmed.

Siggins, J., concurred.

**POLLAK, J.**—I concur in the reasoning and conclusion of the majority opinion. However, I would add an additional observation. Education Code section 87458 provides that a person satisfactorily employed for at least two years in an administrative position not part of the classified service who has not previously acquired tenured status "shall have the *right* to become a first-year probationary faculty member" (italics added) upon termination of the administrative assignment, if that person's competency has been determined in a process that meets the requirements specified in the statute. The effect of this provision is to entitle the former administrator to be employed in the faculty

position without satisfying minimum qualifications specified elsewhere. (See Ed. Code, §§ 87356, 87357, 87400; compare with Ed. Code, § 87359.) It is in this sense that the individual has the "right" to hold such a position. However, the fact that the individual is deemed qualified to hold a position does not mean that the board of governors must fill it.