[No. G043272. Fourth Dist., Div. Three. Dec. 6, 2010.]

MOHAMMAD ENTEZAMPOUR, Plaintiff and Appellant, v.
NORTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT,
Defendant and Respondent.

COUNSEL

Donna Bader for Plaintiff and Appellant.

Declues, Burkett & Thompson, J. Michael Declues and Gregory A. Wille for Defendant and Respondent.

OPINION

FYBEL, J.—

### INTRODUCTION

In July 2003, plaintiff Mohammad Entezampour was hired by defendant North Orange County Community College District (the District), as dean of the science, engineering, and mathematics division at Cypress College. In February 2007, Entezampour was notified that the District would not be renewing his employment as dean for the following academic year. He sought to exercise the so-called "retreat rights" provided to certain administrators under Education Code section 87458. (All further statutory references are to the Education Code, unless otherwise specified.) Section 87458 provides that an administrator "shall have the right to become a first-year probationary faculty member once his or her administrative assignment expires or is terminated," upon the satisfaction of statutorily enumerated conditions.

When the District refused to reassign Entezampour to a faculty member position, he filed a first amended verified petition for a writ of mandate (the

petition) seeking to compel his reassignment. The trial court sustained the District's demurrer to the petition, without leave to amend, and Entezampour appeals.

We reverse. In order to obtain writ relief, a petitioner is required to show (1) a clear, present, and usually ministerial duty on the part of the respondent, and (2) a clear, present, and beneficial right in the petitioner to the performance of that duty. (Code Civ. Proc., §§ 1085, subd. (a), 1086.) Here, the petition alleged facts showing Entezampour was an administrator who had been relieved of his administrative duties and otherwise satisfied the conditions for reassignment to a first-year probationary faculty member position under section 87458 and a policy adopted by the District to implement that section. The petition further alleged the District failed to comply with section 87458 by refusing to so reassign Entezampour. He alleges he was qualified for two open faculty positions and he had submitted an application for each of those positions. The trial court therefore erred by sustaining the District's demurrer to the petition.

## BACKGROUND

### I.

#### THE PETITION

The petition alleged the following facts in support of Entezampour's request that the trial court issue a writ of mandate compelling the District to reassign him to a first-year probationary faculty member position pursuant to section 87458. Entezampour was hired by the District in July 2003 to serve as the dean of the science, engineering, and mathematics division at Cypress College, for which the District "is the duly constituted and acting governing board." Entezampour's position constituted an administrative position as defined by section 87002, subdivision (b), and thus was not part of the classified service. He had been hired as an administrator in conformity with the District's policy governing the hiring of administrators, had completed at least two years of satisfactory service for the District, and was not a tenured member of the faculty at the time he was hired. He was also employed by the District as a part-time evening biology instructor at Cypress College.

On February 12, 2007, Entezampour submitted an application package for a general biology instructor position that had become open due to the retirement of an instructor and for a newly created anatomy and physiology instructor position; both positions were at Cypress College. Entezampour alleged he was "exceptionally well qualified" for those positions because he had a master's degree and Ph.D. in biology; he had 24 years of teaching

experience in the sciences, including biology; and he had been teaching biology at Cypress College on a part-time basis. The deadline for submitting applications for the two positions was February 13.

On February 14, 2007, Entezampour received a notice that the District would not renew his employment contract as dean of the science, engineering, and mathematics division, effective June 30; the decision not to renew was for reasons other than for cause. Entezampour repeatedly demanded that the District honor his retreat rights under section 87458 and reassign him to a first-year probationary faculty member position. The District did not place Entezampour in either of the open instructor positions and did not otherwise reassign him to a faculty member position. The petition alleged that the person selected for the general biology instructor position was a recent graduate with limited teaching experience which did not include teaching biology, and alleged the person selected for the anatomy and physiology instructor position was also less qualified than Entezampour for that position. The petition stated there were open positions at other college campuses within the District, for which Entezampour was qualified.

The petition alleged that by failing to reassign Entezampour, the District violated not only section 87458 but also its own "Board Policy #2003," which was entitled "Educational Administrators' Retreat Rights," had been adopted by the District in 1993, and was in effect at the time of the District's notice that it would not renew Entezampour's administrative position assignment. The petition expressly incorporated Board Policy #2003.

The petition alleged that, based on the facts alleged, Entezampour had a mandatory right of retreat back to the classroom under section 87458 and Board Policy #2003 and that the District failed to discharge its official duty of reassigning him. The petition alleged Entezampour had no plain, speedy, or adequate remedy, in the ordinary course of law, to address the District's failure to perform its official duty.

## II.

### THE TRIAL COURT SUSTAINS THE DISTRICT'S DEMURRER TO THE PETITION WITHOUT LEAVE TO AMEND; ENTEZAMPOUR APPEALS.

The District filed a demurrer to the petition on the ground it did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer without leave to amend, stating: "In light of the holding in *Wong v. Ohlone College* (2006) 137 Cal.App.4th 1379, 1[3]83–1[3]84 [40 Cal.Rptr.3d 923] . . . , petitioner cannot establish entitlement to relief under Code of Civil

Procedure § 1085[, subdivision] (a)." Judgment was entered in the District's favor and Entezampour appealed.

## DISCUSSION

### I.

#### STANDARD OF REVIEW

We independently review the ruling on a demurrer and determine de novo whether the pleading alleges facts sufficient to state a cause of action. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [106 Cal.Rptr.2d 271, 21 P.3d 1189].) We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [6 Cal.Rptr.3d 457, 79 P.3d 569].) We construe the pleading in a reasonable manner and read the allegations in context. (*Ibid.*) "We affirm the judgment if it is correct on any ground stated in the demurrer, regardless of the trial court's stated reasons. [Citation.]" (*Las Lomas Land Co., LLC v. City of Los Angeles* (2009) 177 Cal.App.4th 837, 848 [99 Cal.Rptr.3d 503].)

### II.

#### THE TRIAL COURT ERRED BY SUSTAINING THE DISTRICT'S DEMURRER TO THE PETITION.

For the reasons we discuss *post*, we conclude the trial court erred by sustaining the District's demurrer to the petition because the petition alleged facts which, if true, would support the issuance of a writ of mandate compelling the District to comply with section 87458 and Board Policy #2003 and reassign Entezampour to a first-year probationary faculty member position.

#### A.

#### *Applicable Legal Principles Governing Writs of Mandate*

■ "A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is

unlawfully precluded by such inferior tribunal, corporation, board, or person." (Code Civ. Proc., § 1085, subd. (a).) "What is required to obtain writ relief is a showing by a petitioner of '(1) A clear, present and usually ministerial duty on the part of the respondent . . . ; and (2) a clear, present and beneficial right in the petitioner to the performance of that duty . . . .' " (*Santa Clara County Counsel. Attys. Assn. v. Woodside* (1994) 7 Cal.4th 525, 539–540 [28 Cal.Rptr.2d 617, 869 P.2d 1142].)[1] "A writ cannot be used to control a matter of discretion. [Citation.] Where a statute leaves room for discretion, a challenger must show the official acted arbitrarily, beyond the bounds of reason or in derogation of the applicable legal standards." (*Excelsior College v. Board of Registered Nursing* (2006) 136 Cal.App.4th 1218, 1238–1239 [39 Cal.Rptr.3d 618].)

B.

*Section 87458*

"Education Code section 87458 sets forth the conditions under which a person previously employed as an administrator shall have the right to become a first-year probationary faculty member at a community college." (*Wong v. Ohlone College, supra,* 137 Cal.App.4th at p. 1381, fn. omitted (*Wong*).) Section 87458 provides:

"A person employed in an administrative position that is not part of the classified service, who has not previously acquired tenured status as a faculty member in the same district and who is not under contract in a program or project to perform services conducted under contract with public or private agencies, or in other categorically funded projects of indeterminate duration, shall have the right to become a first-year probationary faculty member once his or her administrative assignment expires or is terminated if all of the following apply:

"(a) The process by which the governing board reaches the determination shall be developed and agreed upon jointly by representatives of the governing board and the academic senate, and approved by the governing board. The agreed upon process shall include reasonable procedures to ensure that the governing board relies primarily upon the advice and judgment of the academic senate to determine that the administrator possesses the minimum qualifications for employment as a faculty member. The process shall further require that the governing board provide the academic senate with an

---

[1] A writ of mandate "must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. It must be issued upon the verified petition of the party beneficially interested." (Code Civ. Proc., § 1086.)

opportunity to present its views to the governing board before the board makes a determination and that the written record of the decision, including the views of the academic senate, shall be available for review pursuant to Section 87358.

"(b) Until a joint agreement is reached pursuant to subdivision (a), the district process in existence on January 1, 1989, shall remain in effect.

"(c) The administrator has completed at least two years of satisfactory service, including any time previously served as a faculty member, in the district.

"(d) The termination of the administrative assignment is for any reason other than dismissal for cause.

"(e) This section shall apply to every educational administrator whose first day of paid service in the district as a faculty member or an administrator is on or after July 1, 1990."

■ Thus, an administrator has the right to reassignment to a first-year probationary faculty member position if the administrator (1) is employed in an administrative position that is not part of the classified service; (2) has not previously acquired tenured status as a faculty member in the same district; (3) is not under contract in a program or project to perform services conducted under contract with public or private agencies, or in other categorically funded projects of indeterminate duration; (4) has completed at least two years of satisfactory service, including any time previously served as a faculty member, in the district, and the termination of his or her administrative assignment was for any reason other than dismissal for cause; and (5) had a first day of paid service in the district as a faculty member or an administrator on or after July 1, 1990.

■ Section 87458, subdivision (a) adds the condition that the appointment to a first-year probationary faculty member position be accomplished through a process adopted by the governing board to ensure that the administrator possesses the "*minimum* qualifications for employment as a faculty member." (§ 87458, subd. (a), italics added.) Section 87458, subdivision (a) also requires that the adopted process provide the academic senate the opportunity to present its views on the subject to the governing board before the board makes its determination and a written record of the decision.

## C.

### *Board Policy #2003*

The petition expressly incorporates Board Policy #2003, which cited and clarified the requirements of section 87458 by conditioning reassignment on the following: (1) the administrator's dismissal was for reasons other than for cause pursuant to section 87732, (2) the administrative position from which the administrator was being reassigned is an educational administrative position as defined by section 87002, subdivision (b), and (3) the administrator was hired in conformity with the District's policy governing the hiring of such administrators. Consistent with the mandate of section 87458, Board Policy #2003 stated, "[r]eassignment to a faculty position and salary placement upon reassignment shall be subject to, and in accordance with, the provisions of section 3.0 of this policy."

Section 3.0 of Board Policy #2003, entitled "PROCEDURE," addressed four issues pertaining to procedure: minimum qualifications, configuration of assignment, seniority rights, and salary placement. As to minimum qualifications, Board Policy #2003 required that an administrator be reassigned "only in a discipline for which the employee possesses the minimum qualifications as specified in the list of disciplines as adopted by the Board of Governors of the California Community Colleges," and within a faculty service area of record for which the administrator is qualified and has declared, in accordance with the Education Code and the applicable collective bargaining agreement.

## D.

### *The Petition Alleges Facts Showing the Conditions of Section 87458 and Board Policy #2003 Were Satisfied.*

The petition alleges facts showing the conditions of both section 87458 and Board Policy #2003 were satisfied, which include the following: (1) in July 2003, Entezampour began his employment with the District as dean of the science, engineering, and mathematics division of Cypress College, which is an administrative position under section 87002, subdivision (b), and is not part of the classified service; (2) he was hired as an administrator in conformity with the District's policy of hiring such administrators; (3) he had completed at least two years of satisfactory service with the District; (4) he did not have faculty tenure with the District prior to the date of his hire as an administrator; (5) he had also taught part-time evening biology classes at Cypress College; (6) he received a notice of "non-renewal" of his administrative assignment on February 14, 2007; (7) the termination of Entezampour's

administrative assignment was for reasons other than for cause pursuant to section 87732; (8) on February 12, 2007, he submitted applications for an open anatomy and physiology instructor position and a general biology instructor position, which were both at Cypress College; (9) Entezampour was exceptionally well qualified for those two open positions because he held a master's degree and Ph.D. in biology, had 24 years of teaching experience in science, including biology, and had already been determined qualified to teach biology by the District because he was hired part time to teach a biology course at Cypress College; (10) the two open teaching positions were filled by less qualified candidates; (11) there were open positions at other campuses within the District, for which he was qualified; and (12) although Entezampour repeatedly requested that the District honor his retreat rights under section 87458 and Board Policy #2003, the District refused to do so.

█ The petition alleges facts supporting Entezampour's right to a first-year probationary faculty member position with the District and the District's concomitant duty to reassign him to such a position. Even if section 87458 and Board Policy #2003 provide discretion on the part of the District, the petition alleges sufficient facts showing that under the circumstances, the District's refusal to reassign Entezampour to such a faculty member position was arbitrary, beyond the bounds of reason, or in derogation of applicable legal standards. (*Excelsior College v. Board of Registered Nursing, supra*, 136 Cal.App.4th at p. 1239.) Therefore, the trial court erred by sustaining the District's demurrer on the ground the petition failed to state facts sufficient to support issuance of a writ of mandate.

We do note that the petition does not allege one of the conditions contained in section 87458—the requirement that the person "is not under contract in a program or project to perform services conducted under contract with public or private agencies, or in other categorically funded projects of indeterminate duration." The District, however, has not raised this issue and there is nothing in the record to suggest Entezampour was under such a contract. It is not clear whether this condition might be impliedly satisfied by satisfaction of one of the other conditions, and thus sufficiently alleged by facts alleging the other conditions for purposes of demurrer. In further proceedings, Entezampour is free to seek leave to amend and the District may defend on the grounds such a condition has not been satisfied.

E.

*Wong, supra, 137 Cal.App.4th 1379, Is Inapposite.*

In the respondent's brief, the District does not contend the petition failed to allege facts showing that the conditions set forth in section 87458 and Board

Policy #2003 were satisfied. Instead, citing *Wong, supra*, 137 Cal.App.4th 1379, the District argues section 87458 does not impose a mandatory duty on the District but affords it discretion in deciding whether to deny or grant a request for an appointment. Hence, the District argues a petition for a writ of mandate does not lie based on the failure to appoint an administrator to a first-year probationary faculty member position under section 87458. Entezampour argues we should reject the reasoning of *Wong*.

In *Wong, supra*, 137 Cal.App.4th at page 1381, "[d]ue to budgetary constraints," a community college determined that it would not fill two full-time faculty positions in the business and technology division and also laid off certain administrative employees, including the dean of that division. The dean filed a petition for a writ of mandate seeking to compel the college to appoint him as a first-year probationary faculty member under section 87458. (*Wong, supra*, at p. 1382.) The trial court found that the college established there were no positions available to which it could appoint the dean, and denied the petition; the appellate court affirmed. (*Ibid.*)

We do not need to decide whether we agree with the reasoning of *Wong* because it is inapposite for several reasons. First, *Wong* does not address the issue presented in this case—whether the allegations of a petition seeking a writ of mandate under section 87458 are sufficient to withstand demurrer. As discussed *ante*, the petition in *Wong* was decided on the merits.

Second, the appellate court in *Wong* did not hold that an administrator's appointment to a faculty member position under section 87458 is always within the discretion of the school district or school or that such an appointment cannot be compelled through a petition for a writ of mandate. In *Wong, supra*, 137 Cal.App.4th at pages 1381, 1384, the appellate court stated the right to such an appointment is "not absolute," reasoning, based on the facts of the case, that it would be unreasonable to interpret section 87458 to "require a college to either create or keep open a position to which a terminated administrator could 'retreat' regardless of the college's need for that faculty position or the availability of funds."

Third, the analysis in *Wong* is grounded in the language of section 87458, subdivision (a), which conditions the appointment on completion of a process adopted by the governing board and academic senate to ensure the administrator possesses the minimum qualifications for employment as a faculty member. The *Wong* court reasoned that section 87458's reference to the governing board's "determination" should be understood to "strongly suggest[] that the Legislature did not intend to foreclose the college's exercise of discretion in deciding whether to deny or grant an appointment under section 87458." (*Wong, supra*, 137 Cal.App.4th at p. 1383.) The *Wong* court did not

state whether the governing board of the school district in which the dean was employed had adopted a process. It does not appear that the language of any policy adopted by the governing board involved in *Wong* was presented to or considered by the trial or appellate court.

Here, the petition expressly incorporated Board Policy #2003, which set forth such a process. Contrary to the District's argument it "was not required to structure a position specifically for [Entezampour]," Board Policy #2003 stated that when an educational administrator is reassigned to a faculty member position under section 87458, "a reasonable attempt shall be made to configure a full-time assignment at a single location," and "[w]here a full-time assignment cannot be identified at a single location, a reasonable attempt shall be made to configure a full-time assignment at multiple locations as determined by the District." In addition, Board Policy #2003 stated that if more than one location has configured a full-time assignment, "[t]he administrator shall be assigned to the location of previous service, except as otherwise determined by mutual agreement of the administrator and the administration of the alternative location." Board Policy #2003's language does not suggest that when a full-time position can be configured, the District has discretion to refuse to reassign a qualified administrator to such an assignment. It logically follows that a refusal to reassign an administrator to an existing open teaching position, for which the administrator is qualified at the same college where he or she has been serving, would be unreasonable.

Board Policy #2003 further set forth procedures for recognizing an administrator's "bumping" rights established "by virtue of seniority or faculty service credit." The policy stated that when bumping rights "would cause the layoff or involuntary reassignment of any tenure-track faculty member, such rights may be pursued only after an exhaustive attempt to configure an assignment within the District from assignments currently filled by temporary faculty and/or full-time faculty overload assignments."

Unlike the facts in *Wong, supra,* 137 Cal.App.4th 1379, the petition here alleges that at the time Entezampour was informed that his administrative assignment would not be renewed, *two open* faculty positions in Entezampour's field of biology existed at Cypress College itself. Entezampour requested reassignment to either of those positions before the application period for either position had closed. As discussed *ante*, in addition to having a Ph.D. in biology and 24 years of teaching experience in the sciences including biology, the District itself had hired Entezampour to teach biology at Cypress College, thereby evidencing that he met the minimum qualifications to teach there. Nevertheless, Entezampour's request that the District honor his retreat rights and reassign him to a first-year probationary faculty member position was denied, and both positions were

allegedly filled by less qualified individuals, one of whom had recently graduated and had limited teaching experience which did not include teaching biology. Entezampour pleaded facts showing he had a right to reassignment, which the District did not have discretion to refuse to honor.

The District argues reassignment under section 87458 is inherently discretionary and invites this court to take judicial notice of "Board Policy #3004" because it "reveals that a very formal and structured process is followed in hiring faculty members." The District has neither filed a request for judicial notice in this court nor filed a cross-appeal asserting the trial court erred by refusing to take judicial notice of Board Policy #3004. Even if we were to take judicial notice of Board Policy #3004, it stated, under the heading "POLICY APPLICATION," that "[t]his policy shall apply to the selection of tenure-track faculty within [the District]." The District has failed to show that a first-year probationary faculty member within the meaning of section 87458 or Board Policy #2003 is considered a "tenure-track" faculty member to which Board Policy #3004 applies. Furthermore, Board Policy #2003 does not refer to Board Policy #3004. Therefore, Board Policy #3004 does not show the petition failed to state sufficient facts to support issuance of a writ of mandate.

The trial court erred by sustaining the District's demurrer to the petition.

## DISPOSITION

The judgment is reversed. Appellant shall recover costs on appeal.

Aronson, Acting P. J., and Ikola, J., concurred.