Filed 1/28/26  Wright v. Sun Life Financial CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ROBERT S. WRIGHT, | |
| Plaintiff and Appellant, | G063057 |
| v. | (Super. Ct. No. 30-2022-01241461) |
| SUN LIFE FINANCIAL, INC., et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, William D. Claster, Judge. Affirmed.

Robert S. Wright, in pro. per., for Plaintiff and Appellant.

Ogletree, Deakins, Nash, Smoak & Stewart and Sean P. Nalty for Defendants and Respondents.

Plaintiff Dr. Robert S. Wright appeals from the judgment entered after the trial court sustained without leave to amend the demurrer to Wright's complaint brought by defendants Sun Life Financial, Inc. and Sun Life Assurance Company of Canada (collectively the Sun Life defendants). For the reasons we explain, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A complete recitation of the factual and procedural background of this case can be found in this court's prior nonpublished opinion, *Wright v. Sun Life Assurance Company of Canada* (Mar. 26, 2024, G062122) (*Wright*), which we incorporate by reference. We provide the following brief summary of Wright's allegations and the procedural history of the case as are relevant to the disposition of this appeal.[1]

For the past 25 years, Wright has filed multiple lawsuits in an attempt to recover long-term disability benefits he claims he is owed under a 1992 insurance policy that was issued to him by the predecessor of defendant Sun Life Assurance. (*Wright, supra*, G062122.) Sun Life Assurance is a wholly owned subsidiary of Sun Life Financial.

Wright initially sued Sun Life Assurance in British Columbia (the British Columbia action). (*Wright, supra*, G062122.) Following trial in 2015, the trial court in the British Columbia action found Wright failed to prove his claims and this finding was affirmed by the Court of Appeal of British Columbia. (*Ibid.*)

Wright thereafter proceeded to file a lawsuit in Los Angeles Superior Court (the Los Angeles action). (*Wright, supra*, G062122.) Wright's

---

[1] This section is largely based on facts and procedural history set forth in the trial court's June 27, 2022 order sustaining the Sun Life defendants' demurrer and awarding sanctions to those defendants.

first amended complaint in the Los Angeles action, filed in 2020, named Sun Life Assurance and Sun Life Financial as defendants. In that pleading, Wright asserted he sought "a new trial of the claim." The Sun Life defendants demurred to the first amended complaint on several grounds, including that the Los Angeles action was barred by the doctrine of res judicata, now known as claim preclusion. Sun Life Assurance also moved for an award of sanctions against Wright. (*Wright, supra*, G062122.) In 2021, Wright voluntarily dismissed the Los Angeles action without prejudice. (*Ibid.*)

Acting in propria persona, in January 2022, Wright initiated the instant action by filing a 316-page complaint in Orange County Superior Court seeking the same policy benefits.[2] (*Wright, supra*, G062122.) In the instant complaint, Wright alleged the Sun Life defendants wrongfully terminated his benefits and mishandled the investigation of his claims. (*Ibid.*) He alleged he is entitled to recover a "Future Insurance Guarantee Option" (FIGO) increase, all alleged arrearages paid at the FIGO-increase inclusive rate, reinstatement of the policy, and a declaration of ongoing coverage, among other unspecified compensatory damages. (*Ibid.*) He also sought punitive damages based on, inter alia, the Sun Life defendants' alleged conduct during his investigation of the matter. (*Ibid.*) In paragraphs 757 and 758 of the complaint, Wright demanded a trial by jury. (*Ibid.*) He argues because there was no jury in the British Columbia action, "the court's

---

[2] The instant complaint asserts a wide array of claims, including claims for, inter alia, "breach of contract, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, breach of fiduciary duty, fraud, unjust enrichment, unfair insurance practices, and declaratory relief." (*Wright, supra*, G062122.)

final judgment against him in that action does not preclude a jury trial in the instant action." (*Ibid.*)

The Sun Life defendants demurred to the complaint, on grounds, inter alia, Wright's claims were barred by the doctrine of claim preclusion. (*Wright, supra*, G062122.) The trial court agreed that the claim preclusion doctrine barred Wright's complaint and sustained the demurrer without leave to amend. (*Ibid.*) The court also granted Sun Life Assurance's motion for sanctions under section 128.7 of the Code of Civil Procedure, concluding Wright's complaint was legally "frivolous." (*Wright, supra*, G062122.) The court awarded the Sun Life defendants $23,028 in sanctions against Wright. (*Ibid.*)

In December 2022, Wright filed a notice of appeal in which he indicated his appeal was taken from both a purported judgment of dismissal entered after the order sustaining a demurrer was issued and the trial court's concomitant sanctions order. (*Wright, supra*, G062122.) This court dismissed Wright's appeal to the extent it purported to challenge a judgment of dismissal because no such judgment had been entered. (*Ibid.*) This court permitted Wright's appeal as to the sanctions award, however, to go forward. (*Ibid.*)

On July 6, 2023, the trial court entered judgment of dismissal in favor of the Sun Life defendants based on the court's order sustaining their demurrer to the complaint without leave to amend. In September 2023, Wright appealed from that judgment.

In *Wright, supra*, G062122, a panel of this court affirmed the court's order awarding sanctions against Wright for filing a legally frivolous complaint. (*Wright, supra*, G062122.) We now address Wright's appeal from the judgment challenging the trial court's ruling on the demurrer.

4

DISCUSSION

I.

GOVERNING LEGAL STANDARDS AND STANDARD OF REVIEW

"'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.' [Citation.] """We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. . . . We also consider matters which may be judicially noticed." . . . Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context."""" (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768.) "We affirm the judgment if it is correct on any ground stated in the demurrer, regardless of the trial court's stated reasons."" (*Entezampour v. North Orange County Community College Dist.* (2010) 190 Cal.App.4th 832, 837.)

II.

THE CLAIM PRECLUSION DOCTRINE

"The law of preclusion helps to ensure that a dispute resolved in one case is not relitigated in a later case. Although the doctrine has ancient roots [citation], its contours and associated terminology have evolved over time. We now refer to 'claim preclusion' rather than 'res judicata.'" (*Samara v. Matar* (2018) 5 Cal.5th 322, 326 (*Samara*).)

"Claim preclusion prevents relitigation of entire causes of action." (*Samara, supra*, 5 Cal.5th at p. 326.) It "encompasses '"matters which were raised or could have been raised, on matters litigated or litigable"'" in the prior action. [Citation.] ""The doctrine of [claim preclusion] rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a

5

former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent.'"" [Citation.] "'"If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged."'"" (*Wassmann v. South Orange County Community College Dist.* (2018) 24 Cal.App.5th 825, 844.)

In short, "[c]laim preclusion applies only when 'a second suit involves (1) the same cause of action (2) between the same parties [or their privies] (3) after a final judgment on the merits in the first suit.'" (*Samara, supra*, 5 Cal.5th at p. 327, brackets in original.)

III.

THE TRIAL COURT DID NOT ERR BY CONCLUDING WRIGHT'S COMPLAINT IS BARRED BY THE CLAIM PRECLUSION DOCTRINE

As we explain, the record shows each of the requirements for claim preclusion have been satisfied. The trial court therefore correctly found the doctrine applied to bar the instant action and sustained the demurrer to the complaint accordingly.

*A. The Same Causes of Action Requirement is Satisfied*

"Causes of action are considered the same if based on the same primary right." (*Citizens for Open Government v. City of Lodi* (2012) 205 Cal.App.4th 296, 325); see *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 798 ["under the primary rights theory, the determinative factor is the harm suffered"].)

As correctly explained by the trial court in its order sustaining the Sun Life defendants' demurrer: "The [British Columbia] action was founded on Wright's claim for benefits and continuing coverage (at the

6

allegedly correct rate) under the [p]olicy. The same is true of this case. Even the additional allegations of fraud on the court, judicial bias, etc. ultimately go to the insurance coverage issues, as Wright alleges no harm from these alleged wrongs other than the [British Columbia action] ending adversely to him. As between Wright and Sun Life Assurance, both cases involve the same primary right, so they are founded on the same cause of action, regardless of how many separate theories of recovery Wright advances. (See *Crowley v. Katleman* (1994) 8 Cal.4th 666, 682 ['[W]hen there is only one primary right an adverse judgment in the first suit is a bar even though the second suit is based on a different theory'].)"

Although in his opening brief, Wright generally asserts the trial court "misapplied primary rights theory" (capitalization omitted), Wright does not provide any legal analysis supporting that assertion or otherwise challenging the court's determination that Wright's British Columbia action and the instant action are based on the same primary right.

*B. The Same Parties and Privies Requirement is Satisfied*

Wright brought the instant action against both Sun Life Assurance and Sun Life Financial. Sun Life Assurance was also a defendant in the British Columbia action. While Sun Life Financial was not a party in the British Columbia action, it is in privity with Sun Life Assurance for claim preclusion purposes here because, as Wright alleged in the instant complaint, Sun Life Assurance is a wholly owned subsidiary of Sun Life Financial. (See *In re Imperial Corp. of America* (9th Cir. 1996) 92 F.3d 1503, 1507 [parent-subsidiary relationship establishes privity for purposes of res judicata].)

Wright does not contend otherwise. In fact, in his opening brief, Wright states Sun Life Financial "has always been in privity with its wholly owned subsidiary [Sun Life Assurance]." (Capitalization omitted.) Thus, the

7

requirement that the instant action involves the same parties and/or their privies as the British Columbia action is satisfied.

*C. The British Columbia Action Ended in Final Judgment*

The record also establishes that the British Columbia action ended in final judgment for claim preclusion purposes. As explained by the trial court in its order sustaining Sun Life's demurrer: "Wright litigated the [British Columbia action] through trial and appeal, losing on the merits both times. . . . Accordingly, the judgment in the [British Columbia] action is final and on the merits. That Wright believes the [British Columbia] action to be a miscarriage of justice rife with judicial bias and denial of due process doesn't mean the Canadian courts failed to reach the merits of his claims."

In his opening brief, Wright does not challenge the fact the British Columbia action ended in a final judgment. Instead, he argues that in rare circumstances, a final judgment may be denied preclusive effect to avoid "manifest injustice." He suggests the claim preclusion doctrine should not be applied here because he claims Sun Life Financial committed perjury in the British Columbia action. Wright does not cite any legal authority or otherwise provide relevant legal analysis supporting his argument that application of claim preclusion here would result in manifest injustice. We find no error.

IV.

THE TRIAL COURT DID NOT ERR BY DENYING LEAVE TO AMEND

When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on

8

the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; see *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

"Absent an effective request for leave to amend the complaint in specified ways, an abuse of discretion can be found "'only if a potentially effective amendment were both apparent and consistent with the plaintiff's theory of the case.'"" (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 507, disapproved on another ground in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 939, fn. 13.)

Wright did not argue in the trial court, and has not argued on appeal, much less demonstrated in either court, there is a reasonable possibility the defects in the pleading of his claims against either or both of the Sun Life defendants in the complaint can be cured by amendment. We therefore conclude the demurrer to the complaint was properly sustained without leave to amend.

## DISPOSITION

The judgment is affirmed. Respondents to recover costs on appeal.

MOTOIKE, ACTING P. J.

WE CONCUR:

SANCHEZ, J.

DELANEY, J.

9